UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:23-cr-00075-BLW-1 |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| AARON NEAL SAFFORD, | |
| Defendant. | |

## INTRODUCTION

Aaron Neal Safford moves this Court for compassionate release to reduce his sentence to time served or allow him home confinement.[1] *See* Dkts. 35, 36. Because the grounds for compassionate release clearly are not met on the face of the Motion, the Court need not order the Government to respond. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

On October 2, 2024, the Court ordered Defendant to serve six months in prison for violating his parole for use of a controlled substance and failure to attend drug testing. Dkt. 34. Defendant immediately filed a Motion for Compassionate

---

[1] *Home confinement* is merely a change in the location of incarceration, governed by § 3624(g)(2)(A), subject to revocation and return to prison under § 3624(g)(5), and the Bureau of Prisons has exclusive authority to order it under § 3624(c)(2).

Release and a supporting letter, asking the Court to release him to home detention so that he could pay his $600 a month truck payment rather than lose his truck to repossession for nonpayment. He also cited other loss of property issues facing him if he is not permitted to work and pay his bills.

The Court may not modify a defendant's sentence once imposed, except in limited circumstances. *Dillion v. United States,* 560 U.S. 817, 819 (2010). Congress provided for a "compassionate release" exception in 18 U.S.C. § 3582(c)(1)(A).

The Court may grant release if it finds (1) the defendant exhausted administrative remedies available in the BOP, 18 U.S.C. § 3582(c)(1)(A); (2) the defendant's reasons for release are extraordinary and compelling, pursuant to the Sentencing Commission's policy statement, U.S.S.G. § 1B1.13(b); and (3) the factors in 18 U.S.C. §3553(a) weigh in favor of a sentence reduction.

The defendant bears the burden of showing that "extraordinary and compelling reasons warrant such a reduction" under U.S.S.G. § 1B1.13(b). The current policy statement defines "[e]xtraordinary and compelling reasons" as serious issues with the defendant's health or an immediate family member's need for health care, suffering from serious effects of aging, and other reasons "similar in gravity" to the reasons stated in the Guidelines. *See* U.S.S.G. § 1B1.13.

Here, Defendant's reasons fit no category specified in the statute that would

entitle him to release. *See* U.S.S.G. § 1B1.13. Therefore, the Court need not

consider whether the § 3553(a) factors weigh in favor of compassionate release.

## ORDER

**IT IS ORDERED** that Defendant Safford's Motion for Reduction of

Sentence (Dkts. 35, 36) is **DENIED**.

DATED: July 18, 2025

B. Lynn Winmill
U.S. District Court Judge